UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


DENVER TAYLOR, Jr.,               )   1:12CV2767
                                  )
          Petitioner              )
                                  )
                                  )   JUDGE JACK ZOUHARY
          v.                      )   (Mag. Judge Kenneth S. McHargh)
                                  )
MAGGIE BRADSHAW,                  )
          Warden,                 )
                                  )
          Respondent              )   REPORT AND
                                  )   RECOMMENDATION


McHARGH, MAG. JUDGE

      The petitioner Denver Taylor ("Taylor") filed a petition for a writ of habeas

corpus arising out of his 2010 convictions for aggravated burglary, kidnapping, and

aggravated robbery in the Richland County (Ohio) Court of Common Pleas.  (Doc.

1.)  The respondent has filed a Return of Writ, which argues that the petition

should be dismissed as untimely.  (Doc. 6, at 4-6.)  Taylor has not filed a Traverse.


I.  PROCEDURAL BACKGROUND

      Taylor entered a negotiated plea of guilty to charges of aggravated burglary,

kidnapping, and aggravated robbery, acknowledging that the State recommended a

twenty-year prison sentence, and that "the Court indicated that the defendant will

be sentenced to fifteen years in prison."  (Doc. 6, RX 2, at 2.)  The court accepted his

plea, found him guilty and sentenced Taylor to a concurrent term of ten years

incarceration on the counts of aggravated burglary and kidnapping, to be served consecutively with a five-year sentence for his conviction for aggravated robbery. (Doc. 6, RX 3.)

Taylor filed a timely notice of appeal.  (Doc. 6, RX 4.)  Taylor set forth a single assignment of error:  "The trial court abused its discretion by sentencing Appellant to consecutive terms of imprisonment."  (Doc. 6, RX 5.)

On March 30, 2011, the court of appeals affirmed the judgment of the trial court.  (Doc. 6, RX 7; State v. Taylor, No. 10CA57, 2011 WL 1226370 (Ohio Ct. App. Mar. 30, 2011).)  Taylor did not seek timely review by the Ohio Supreme Court.

On March 16, 2012, Taylor filed a notice of appeal, and a notice of delayed appeal, with the Supreme Court of Ohio.  (Doc. 6, RX 8-9.)  On May 9, 2012, the Supreme Court denied his motion for delayed appeal, and dismissed the case.  (Doc. 6, RX 10; State v. Taylor, 131 Ohio St.3d 1538, 966 N.E.2d 893 (2012).)

Taylor filed this petition for a writ of habeas corpus on Nov. 6, 2012.  (Doc. 1.)


## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with

respect to any claim which was adjudicated on the merits by a state court.  The

Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two
> conditions is satisfied -- the state-court adjudication resulted in a
> decision that (1) "was contrary to ... clearly established Federal law, as
> determined by the Supreme Court of the United States," or (2)
> "involved an unreasonable application of ... clearly established Federal
> law, as determined by the Supreme Court of the United States."
> Under the "contrary to" clause, a federal habeas court may grant the
> writ if the state court arrives at a conclusion opposite to that reached
> by this Court on a question of law or if the state court decides a case
> differently than this Court has on a set of materially indistinguishable
> facts.  Under the "unreasonable application" clause, a federal habeas
> court may grant the writ if the state court identifies the correct
> governing legal principle from this Court's decisions but unreasonably
> applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291

F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court

precedent "if the state court applies a rule that contradicts the governing law set

forth in [Supreme Court] cases."  Williams, 529 U.S. at 405.  See also Price v.

Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court

considers the state decision to be erroneous or incorrect.  Rather, the federal court

must determine that the state court decision is an objectively unreasonable

application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Taylor has filed his petition pro se.  The pleadings of a petition drafted by a

pro se litigant are held to less stringent standards than formal pleadings drafted by

lawyers, and will be liberally construed.  Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)).  Other than that, no special treatment is afforded litigants who decide to proceed pro se.  McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

## III.  STATUTE OF LIMITATIONS

The respondent argues that the petition should be dismissed because it was filed after the statute of limitations had expired.  (Doc. 6, at 4-6.)

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final."  Carey v. Saffold, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)).  The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Thus, the one-year statute of limitations does not begin to run until all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90 days) for filing for certiorari.  Clay v. United States, 537 U.S. 522, 528 n.3 (2003); Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002); Williams v. Artuz, 237 F.3d 147, 151 (2d

4

Cir. 2001), cert. denied, 534 U.S. 924 (2001) (citing cases). However, a habeas petitioner filing for collateral relief does not benefit from the 90 day certiorari period. Lawrence v. Florida, 549 U.S. 327 (2007) (interpreting 28 U.S.C. § 2244(d)(2)).

## A. Direct appeal

The state court of appeals affirmed Taylor's conviction on March 30, 2011. (Doc. 6, RX 7, Taylor, 2011 WL 1226370.) Taylor did not seek timely review by the Ohio Supreme Court within 45 days, pursuant to Ohio Supreme Court Rule of Practice II, Section 2(A)(1). Thus, Taylor's conviction became "final" within the ordinary meaning of AEDPA on May 16, 2011. Searcy v. Carter, 246 F.3d 515, 517 (6th Cir.), cert. denied, 534 U.S. 905 (2001). Accordingly, the statute of limitations for filing his habeas petition would have expired on May 16, 2012.

## B. Delayed appeal to state high court

Taylor filed a motion for leave to file a delayed appeal to the Supreme Court of Ohio on March 16, 2012. (Doc. 6, RX 8-9.) The filing of the motion for a delayed appeal is considered collateral review, which, if properly filed, tolls the running of the one-year period. DiCenzi v. Rose, 452 F.3d 465, 468 (6th Cir. 2006); Searcy, 246 F.3d at 519; Sanders v. Bobby, No. 5:07 CV 682, 2008 WL 276415, at *3 (N.D. Ohio Jan. 31, 2008). See generally Lawrence, 549 U.S. at 332.

The state high court denied leave to file a delayed appeal on May 9, 2012. (Doc. 6, RX 10; Taylor, 131 Ohio St.3d at 1538, 966 N.E.2d at 893.) Thus, the

5

statute would have been tolled for fifty-four days during the pendency of his motion for leave. The statute of limitations as tolled expired on July 9, 2012. Taylor's petition was not filed until Nov. 6, 2012. (Doc. 1.) Therefore his petition was untimely filed, after the one-year statute of limitations, as tolled, had expired.

The petition should be denied as untimely filed.


RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be denied.


Dated:  Apr. 15, 2014          /s/ Kenneth S. McHargh
                               Kenneth S. McHargh
                               United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

6